FILED
United States Court of Appeals
Tenth Circuit

August 1, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRANDI J. HENSON,

Defendant-Appellant.

No. 13-6137
(D.C. No. 5:12-CR-00170-R-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Brandi J. Henson pled guilty to one count of wire fraud. As part of the plea

agreement, Ms. Henson agreed to forfeit the proceeds of the offense in the amount of

$398,315.12. Ms. Henson's plea agreement also contained a waiver of her right to

appeal from her sentence and any matter in connection with the forfeiture of assets.

In spite of these waivers, Ms. Henson seeks to challenge the district court's decision

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to amend the forfeiture order to include substitute property. The government has moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (per curiam).

When reviewing a motion to enforce, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Ms. Henson asserts that the appeal waiver should not be enforced because her appeal is outside the scope of the waiver. We disagree.

The plea agreement in this case contains two appeal waivers. One is a broad waiver in which Ms. Henson "knowingly and voluntarily waive[d]" her right to appeal or collaterally challenge her sentence and the manner in which it was determined. Mot. to Enforce, Att. 1 (Plea Agreement) at 9. It is well-established that forfeiture is part of the sentence. *See Libretti v. United States*, 516 U.S. 29, 38-39 (1995) ("Forfeiture is an element of the sentence imposed . . . ."); *United States v. Wittig,* 575 F.3d 1085, 1096 (10th Cir. 2009) ("[F]orfeiture is a component of a sentence . . . ."). Ms. Henson's plea agreement also contains a separate section that specifically addresses the forfeiture of assets. In that section, she knowingly and voluntarily waived her right to: a jury trial on the forfeiture of assets, "all constitutional, legal, and equitable defenses to the forfeiture of these assets in any

- 2 -

proceeding," and "appeal or collaterally attack any matter in connection with the forfeiture provided herein." Mot. to Enforce, Att. 1 at 7-8.

Ms. Henson contends, however, that her appeal is not within the scope of the appeal waivers in her plea agreement because she did not agree to the forfeiture of substitute property. But in her plea agreement, she did "agree[] that forfeiture of substitute assets . . . shall not be deemed an alteration of [her] sentence." *Id*. at 8. Ms. Henson was therefore on notice that the district court could order the forfeiture of substitute assets and that such a determination would not be considered an alteration of her sentence. Accordingly, we conclude that Ms. Henson's appeal of the district court's amended forfeiture order falls within the scope of her agreement to waive any challenge to her sentence and any matter in connection with the forfeiture of assets.

We grant the government's motion to enforce and dismiss this appeal.

Entered for the Court<br>
Per Curiam